IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| ROBERT F JOSEPH, | ) | CASE NO.5:19-CV-00921 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| | ) | |
| Defendant. | | |

Before me[1] is an action by Robert Joseph under 42 U.S.C. § 402(g) seeking judicial review of the 2018 decision of the Commissioner of Social Security that, after a remand, denied Joseph's 2014 application for disability insurance benefits.[2] The Commissioner has answered[3] and filed the transcript of the administrative proceedings.[4] Under terms of my

---

[1] ECF No. 12. The parties have consented to my exercise of jurisdiction and the matter was assigned to me by United States District Judge Dan Aaron Polster.
[2] ECF No. 1.
[3] ECF No. 9.
[4] ECF No. 10.

1

preliminary orders[5] the parties have briefed their positions,[6] filed supplemental charts and fact sheets,[7] met and conferred,[8] and participated in a telephonic oral argument.[9]

For the following reasons the decision of the Commissioner will be affirmed.

# I.

An ALJ reheard this case in 2018 after a remand from the Appeals Council.[10] Two specific directions from the Appeals Council governed that rehearing:

1.   Give further consideration to the Joseph's maximum RFC and provide rationale for specific references to the evidence in the record that support the RFC limitations. In doing so, evaluate and weigh the opinion evidence and explain the weight given. The ALJ was also instructed to request additional evidence from a particular source and/or seek to clarify an opinion when necessary.

2.   Obtain evidence from a VE as to the effect of any assessed limitations on Joseph's occupational base. Further, the before relying on the testimony of a VE, the ALJ should identify and resolve conflicts between the occupational evidence provided by the VE and information in the DOT.[11]

---

[5] ECF Nos. 5, 11.
[6] ECF No. 14 (Joseph), 17 (Commissioner), 18 (Joseph reply).
[7] ECF Nos. 14, attachment 1 (Joseph), 17, attachment 1 (Commissioner).
[8] ECF No. 19.
[9] ECF No. 21.
[10] Tr. at 15.
[11] *Id.*

As to the remand to reconsider source opinions, the two medical source opinions identified by the Appeals Council were those of Dr. Paul Scheatzle, M.D. and Dr. Dane Donich, M.D.[12] The Appeals Council stated that the prior ALJ did not adequately evaluate the examining source opinion of Dr. Scheatzle nor properly weigh the multiple opinions of Dr. Donich.[13] As to Dr. Scheatzle, the Appeals Council found that with an RFC of "eroded sedentary," it was unclear what would remain of the unskilled occupational base when additional carrying, manipulative and postural limitations cited by Dr. Scheatzle were added to that eroded sedentary level.[14] The Council also determined that although Dr. Donich's medical source statements were outside the period at issue, they should have been addressed.[15]

Joseph claims that the ALJ here erred as to Dr. Donich because: (1) the ALJ incorrectly found that Dr. Donich had not treated Joseph "with a frequency consistent with acceptable medical practice"[16] and (2) the ALJ confused the Ohio Worker's Compensation term of "light duty work" with work performed at a light level of exertion.[17]

As to the opinion of Dr. Scheatzle, Joseph argues that the ALJ essentially "cherry-picked" Dr. Scheatzle's opinion to "selectively [choose] which restrictions to include in her RFC finding."[18] Joseph further contends that the decision of which limitations to

---

[12] ECF No. 14 at 16.
[13] *Id.* (citing record).
[14] *Id.* (citing record).
[15] *Id.* (citing record).
[16] *Id.* at 17-18.
[17] *Id.* at 18.
[18] *Id.* at 19.

include in the RFC is emphasized at Step Five where, if the ALJ had included the additional limitations set out by Dr. Sheatzle, there would be no jobs available for Joseph in the national economy.[19]

The Commissioner, in turn, asserts first that the ALJ committed no error in handling the opinions of Dr. Donich.[20] The Commissioner notes that even fully crediting Dr. Donich with an opinion that limited Joseph to light work, such opinion would not have benefited Joseph because sedentary work is more restrictive than light work.[21] In addition, even if Dr. Donich had given a more restrictive opinion, the ALJ correctly found that Dr. Donich was not a treating source in February 2014 and so the weight analysis did not require good reasons.[22] Finally, the Commissioner observes that the ALJ properly characterized the February 2014 opinion as "vague."[23]

In addressing Dr. Sheatzle's opinion, the Commissioner notes first that as a consultative examiner, the ALJ was not required to provide "good reasons" for the weight given to his opinion.[24] Moreover, the Commissioner states that evidence in the record supports the ALJ's conclusion of "no support" for Dr. Sheatzle's opinion that Joseph could "not at all" lift, bend, twist, climb, crawl, kneel or squat."[25] The Commissioner notes that

---

[19] *Id*. at 24-25.
[20] ECF No. 17 at 5-9.
[21] *Id*. at 6.
[22] *Id*. at 7.
[23] *Id*. at 7-9.
[24] *Id*. at 9-10.
[25] *Id*. at 9 (quoting record).

4

the record showed normal muscle tone, full strength and intact reflexes, as well as evidence that Joseph did his own laundry and drove a car.[26]

Finally, the Commissioner points out that the RFC as adopted "contained substantially similar limitations to those opined by the state reviewing doctors."[27]

**II.**

Here, the Court must evaluate the ALJ's opinion is under the familiar substantial evidence test. But, in addition, where the opinion under judicial review is from a proceeding on remand from the Appeal Council, any failure by the ALJ to demonstrate "substantial compliance" the remand order can constitute reversible error as a violation of the claimant's right to due process, even if substantial evidence otherwise supports the Commissioner's decision.[28]

***Dr. Donich*** Initially, the ALJ expressly set out the remand order at the beginning of the opinion.[29] Further, as to Dr. Donich, the ALJ carefully set out that Dr. Donich was not a treating source as of the date of his February 2014 opinion.[30] The ALJ then, with an unnecessary double negative, stated that she would "not give just little weight" to this opinion because, although not fully consistent with the evidence, it nonetheless "adequately

---

[26] *Id.*
[27] *Id.* at 11.
[28] *Wilson v. Comm'r of Social Security*, 783 Fed. App'x 489, 496-97 (6th Cir. 2019); *Kaddo v. Commissioner*, 238 F.Supp.3rd 939, 944 (E.D. Mich. 2017).
[29] Tr. at 15.
[30] *Id.* at 19.

5

reflects" Joseph's back impairments.[31] The ALJ further stated, again in the negative, that "great weight is not warranted" for the balance of this opinion that Joseph should "continue his light-duty work restrictions."[32] The ALJ found this statement "vague" because Dr. Donich did not define what was meant, and further found that it was a "generalized opinion" that was inconsistent with Joseph's testimony that he was performing sedentary work.[33] The ALJ concluded that she gave "some weight" to this opinion, as described above.[34]

The ALJ noted that subsequent opinions by Dr. Donich after the date last insured do cover the relevant period and so needed to be addressed.[35] The ALJ concluded that these opinions – which were that Joseph was not released to any work, including to his former position – were simply conclusions not supported with "explanation or objective observations or findings."[36] She also pointed out that these opinions were inconsistent with Dr. Donich's own opinion that Joseph could do light duty work and with Dr. Scheatzle's opinion that he could do limited sedentary work.[37] The ALJ further observed from the objective evidence that Joseph had normal reflexes and consistent negative straight raise in February 2015, which evidenced an improvement from the results in February 2014.[38]

---

[31] *Id.*
[32] *Id.*
[33] *Id.* at 19-20.
[34] *Id.* at 20.
[35] *Id.*
[36] *Id.*
[37] *Id.*
[38] *Id.*

6

Moreover, the 2015 examination showed no atrophy or tremors and that Joseph walked with a normal gait and stood without balance deficits.[39]

Finally, while noting that Joseph was a candidate for surgery, the ALJ cited to conservative pain management treatment and an ability to engage in activities of daily living, with some limitations for shifting positions and restricting the time for sitting.[40]

The ALJ substantially complied with the remand order as to evaluating the opinions of Dr. Donich and, consistent with the regulations, ascribing weight to those opinions in a way that permits a reviewing court to follow the ALJ's reasoning. I also find that substantial evidence supports the weight assigned.

***Dr. Sheatzle*** The ALJ here gave "substantial weight" to the opinion of Dr. Scheatzle, who was a consultative examiner.[41] As to the allegation of "cherry-picking" Dr. Scheatzle's opinion, the ALJ carefully cited very specific examination findings that supported "significant" exertional restrictions, especially as to shifting position.[42]

But the ALJ was also very detailed in explaining why Dr. Scheatzle's conclusion that Joseph "cannot at all lift, bend, twist, crawl, kneel or squat" is not supported by the evidence. The ALJ observed that "Dr. Scheatzle found [Joseph] to have no loss of balance, instability, or gait abnormality. Tremors or muscle atrophy were not observed. [Joseph] exhibited normal muscle tone, 5/5 strength, and intact reflexes without any documentation

---

[39] *Id.*
[40] *Id.*
[41] *Id.* at 21.
[42] *Id.*

7

of diminished sensation."[43] Further, as to any limitation on handling, the ALJ cited objective evidence of "level shoulders, negative shoulder impingement signs, negative Sperling's for cervical radiculopathy, and a good grip in the upper extremities…."[44]

Thus, as with Dr. Donich, the ALJ here has substantially complied with the remand order as to the opinion of Dr. Scheatzle. In addition, I find no error in the weight assigned to this opinion or in the manner the assigned weight was articulated. I do not find that the ALJ here improperly "cherry-picked" this opinion, but conclude, as detailed above, that the ALJ carefully distinguished between those portions of the opinion that were supported and those that were not, and then adequately explained the reasons for those conclusions.

*Step Five* Inasmuch as I find no error in the weight given to the source opinions, I find no error in the support for the RFC. Further I find that the ALJ here explained that in forming the RFC she gave great weight to the opinions of the state agency consultants as to the severity of Joseph's back pain, while also considering the "lack of significant signs on examination," the conservative pain management treatments and Joseph's activities of daily living.[45] The ALJ also stated that she "included more restrictive postural limitations [than were present in the opinions of the state agency consultants] based on my review of and acceptance of Dr. Scheatzle's findings and opinion, as well as the evidence received at the hearing level."[46]

---

[43] *Id.*
[44] *Id*.
[45] *Id*. at 22.
[46] *Id*.

8

Once again, I find this to be in substantial compliance with the remand order, and to be supported by substantial evidence.

**III.**

For the reasons stated, I find that the decision of the Commissioner is in substantial compliance with the remand order and is also supported by substantial evidence. That decision is, therefore, affirmed.

IT IS SO ORDERED.

Dated: April 1, 2020                                      <u>s/William H. Baughman Jr.</u>
                                                         United States Magistrate Judge